## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MARCUS TELFORD**                                                                  **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:18-cv-507-DPJ-FKB**

**RON KING, WARDEN WENDALL BANKS, and ASSISTANT WARDEN JAMES FILLYAW**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the undersigned for Report and Recommendation on Defendants' Motion for Summary Judgment based on Failure to Exhaust Available Administrative Remedies [13].

### I. Factual Background

Marcus Telford is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and is housed at the Central Mississippi Correctional Facility ("CMCF"). Telford is proceeding *pro se* and *in forma pauperis*. He brings this suit pursuant to 42 U.S.C. § 1983. He claims that since August 2017, Defendants have denied him the use of cleaning supplies necessary to maintain a hygienic cell. He alleges that he wrote to each of the defendants concerning his lack of access to cleaning supplies, but that Defendants ignored his requests.

Telford submitted a grievance complaining of the lack of cleaning supplies on or about June 23, 2018. [13-1] at 3. His grievance, however, was rejected by the Administrative Remedy Program ("ARP") screening officer, because Telford wrote it not just on his own behalf, but on behalf of other inmates as well. *Id.* at 2-3. According to Defendants, Telford never resubmitted the grievance. *Id.* at 1. They contend that as a result, Telford failed to exhaust available administrative remedies prior to filing his complaint. Telford submitted no response to Defendants' Motion.

### II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An

issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

A prisoner must exhaust available administrative remedies before bringing a § 1983 action. *Booth v. Churner*, 532 U.S. 731, 740 (2001); 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle,* 534 U.S. 516 (2002); *Jones v. Bock*, 549 U.S. 199, 199–200 (2007)("There is no question that exhaustion is mandatory under the PLRA. . . ."). When examining the exhaustion requirement, the Fifth Circuit has ruled that

> [d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10-cv-111–LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12-cv-87–LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26,

2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP grievance before filing his lawsuit).

### III. Analysis

MDOC utilizes a two-step administrative remedy process. *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019). The "process begins when an inmate first submits his grievance in writing to the prison's Legal Claims Adjudicator within thirty days of the incident." *Huskey v. Fisher*, Civil Action No. 1:17-cv-140-JMV, 2019 WL 1495275, at *3 (N.D. Miss. Apr. 4, 2019)(citing *Howard v. Epps*, Civil Action No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013)). "The Adjudicator initially screens the grievance and determines whether or not to accept it into the ARP process." *Id.* "The screening phase operates as a filter – applied before the formal grievance process begins – to remove procedurally defective or otherwise invalid grievances." *Id.* A "prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective grievance." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4 (2006)). "Hence, rejection of a grievance during the screening phase terminates the grievance – and does not count as exhaustion of the grievance process." *Id.* "[I]f the defects in the original grievance were minor ("technical" or "matters of form") an inmate may submit a corrected grievance within five days of the rejection." *Id.* at *3–4 (citing the MDOC Inmate Handbook).

Telford submitted his grievance as to the lack of cleaning supplies on behalf of himself and the other inmates housed on his zone. [13-1] at 3. This was a violation of MDOC's ARP rules, as it pertained to multiple alleged violations by MDOC personnel. *See* Chapter VIII, Section V of MDOC Inmate Handbook, https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last visited July 23, 2019). CMCF's ARP adjudicator rejected Telford's grievance on or about June 27, 2018. [13-1] at 2. The adjudicator described the reason for the rejection as follows: "The Administrative Remedy Program does not accept petitions or filing on behalf of another inmate. A single complaint must be filed by each individual inmate." *Id.*

Once Telford's grievance was rejected, he had five days to resubmit it. *Huskey*, 2019 WL 1495275, at *3–4; MDOC Handbook at Chapter VIII, Section VI. The uncontroverted evidence before the undersigned is that he failed to do so. [13-1] at 1. Because he never resubmitted his grievance, he never actually began the grievance process. Accordingly, the undersigned finds that Telford failed to exhaust available administrative remedies prior to filing suit.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [13] be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of August, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE